UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: ETHICON PHYSIOMESH FLEXIBLE COMPOSITE HERNIA MESH PRODUCTS LIABILITY LITIGATION | MDL DOCKET NO. 2782 CIVIL ACTION NO. 1:17-MD-02782-RWS |
| This document relates to: JASON BROWN | Civil Action No.: _____ |

# SHORT FORM COMPLAINT

Come now the Plaintiff(s) named below, and for their Complaint against the Defendants named below, incorporate the Master Complaint in MDL No. 2782 by reference. Plaintiff(s) further show the court as follows:

1. Plaintiff Implanted with Physiomesh

    Jason Brown

2. Plaintiff's Spouse (if applicable)

    n/a

3. Other Plaintiff and capacity (i.e., administrator, executor, guardian, conservator)

    n/a

4. State of Residence and Citizenship of each Plaintiff (including any Plaintiff in a representative capacity) at time of filing of Initial Complaint
   Oklahoma, United States Citizen

5. State of Residence and Citizenship at the Time of Implantation

   Oklahoma, United States Citizen

6. District Court and Division in which personal jurisdiction and venue would be proper absent direct filing.

   U. S. District Court for the Northern District of Oklahoma

7. Defendants (Check Defendants against whom Complaint is made):

   [X]   A. Ethicon, Inc.

   [ ]   B. Johnson & Johnson

8. Basis of Jurisdiction

   [X]   Diversity of Citizenship (28 U.S.C. § 1332(a))

   [ ]   Other: _____

   A. Paragraphs in Master Complaint upon which venue and jurisdiction lie:

      11-13

B. Other allegations of jurisdiction and venue:

_____

_____

_____

_____

9.

| Date(s) Plaintiff was Implanted with Physiomesh (list date of each implant surgery, where applicable, on separate line) | Hospital(s) where Plaintiff was implanted with Physiomesh (include City and State of Hospital) | Implanting Surgeon(s) |
|---|---|---|
| 03-25-2014 | Hillcrest Hospital Claremore, OK | Kyle Hrdlicka, D.O. |
|  |  |  |
|  |  |  |

3

10. Counts in the Master Complaint brought by Plaintiff(s):

- [X] Count I – Strict Product Liability – Defective Design
- [X] Count II – Strict Product Liability – Failure to Warn
- [X] Count III – Strict Product Liability – Manufacturing Defect
- [X] Count IV – Negligence
- [X] Count V – Consumer Protection Laws (Please identify applicable State Consumer Protection law(s) and state any additional facts and legal basis for application of State Consumer Protection law(s) in this case)

_____

_____

_____

- [X] Count VI – Gross Negligence
- [ ] Count VII – Loss of Consortium
- [X] Count VIII – Punitive Damages
- [X] Count IX – Discovery Rule, Equitable Tolling/Estoppel (Please state any additional facts and legal basis for Discovery Rule and Tolling below)

_____

_____

_____

4

[X] Other Count(s) (Please state factual and legal basis for other claims not included in the Master Complaint below):

Breach of implied warrant - At the time defendants designed, manufactured, produced, tested, studied, inspected, labeled, marketed, advertised, sold, promoted and distributed the Physiomesh for use by Plaintiff. Defendants knew of the intended use of the Physiomesh, and impliedly warranted their product to be of merchantable quality, safe and fit for its intended use.

[X] Jury Trial is Demanded as to All Counts

[ ] Jury Trial is NOT Demanded as to Any Count

s/ Michael C. Bradley
Attorney(s) for Plaintiff

Address, phone number, email address and bar information:

Pittman, Dutton & Hellums, P.C.
2001 Park Place North, Ste. 1100, Birmingham, AL 35203
Ph. 205-322-8880
Fax 205-328-2711
email - PDH-efiling@pittmandutton.com